Good morning, Your Honors. Cynthia Smith for Bart Court. May it please the Court. The District Court made two errors in sentencing Mr. Holt. First, it engaged in impermissible double-counting when it added enhancements for both vulnerable victims and sadistic conduct. And second, the District Court mistakenly added a two-point enhancement for misrepresentation of identity when the misrepresentation that was made was not material. Under the first issue, the enhancements adding them for both sadistic conduct and vulnerable victim was double-counting because they were based on the same harm, the sexual penetration of very small children and the fact that it was painful. The commentary at Application Note 2 to U.S. Sentencing Guideline 3A1.1 states that you should not add the vulnerable victim enhancement if the factor that makes the victim vulnerable is fully accounted for in the offense guideline. And in this case, in fact, in that sentencing guideline, excuse me, the Sentencing Commission goes on to state that, for example, if the factor that makes the victim vulnerable is related to age, then that age should not be the basis for adding the vulnerable victim factor. So we can't base it just on the age of these very small children. And, in fact, the District Court did not do so. The District Court used the fact of the size of the victims for both enhancements. And, in fact, the District Court said it was adding the vulnerable victim enhancement because the defendant was a doctor, and he would have very specialized knowledge. Excuse me. I think I said the victim. The defendant was a doctor. He would have very specialized knowledge of the anatomy of these very small children. That factor, the very small size, is the very factor that was used to add the enhancement for sadistic conduct. So it is double counting. Now, the United States argues the case of United States v. Wright to argue that this Court has already decided that the vulnerable victim enhancement is appropriate in a case like this. But the Wright case is different because the sadistic conduct enhancement was not applied in that case. In our case, the District Court applied both enhancements based specifically on the size of the victims. Under the second issue, the misrepresentation of identity, the misrepresentation must be material. Well, he lied for about six months as part of the grooming of his victim. Why isn't that material? Because, Your Honor, he hadn't engaged in any illegal conduct before he revealed his true age and identity. And once he did that, then he did engage in illegal activity. He did masturbate in front of a camera. He did make arrangements to meet what he believed was a 13-year-old girl. But it's not material because he made he told the truth before he made those arrangements. What's interesting is in the very same sentencing enhancement under subpart B, it states that there's a two-point enhancement if there's a 10-year differential between the age of the purported victim and the defendant. If that is unduly influential to have a large age difference between the victim and the defendant, then how can it be a material misrepresentation if he tells the victim that he's at a younger age than he is? Because it makes it more appropriate. Well, he was trying to bond with her or get her to look favorably on his proposals. He did misrepresent his identity then. He did, Your Honor. He said he was a 19-year-old boy, which appears to be calculated to entice a 13-year-old girl, is what he thought he was talking about. And that's true, Your Honor. He did for six months tell the victim that he was a 19-year-old college student. Which made it more likely that he would be able ultimately to persuade the purported victim to engage in illegal activities with him. And we don't know that, Your Honor, because it wasn't a real victim and the offense never happened. But the fact that the United States Sentencing Commission would find a truly ‑‑ it's truly influential if there's this big age difference. It doesn't make sense that representation of a younger age would be material. And the fact is that he did tell his true ‑‑ Well, actually, I think your argument sort of cuts the other way, because the assumption behind that is that when people are about the same age, they're more likely to like each other for real. And so if he is pretending to be someone who is close in age to his intended victim, it's part of being more likely. The assumption is that the person would be more likely to respond. Your Honor, that isn't how I read the second part of that sentencing enhancement. And that is that it's unduly influential if you're more than ten years older than the victim, because somehow you have more experience or you have just the fact of your much greater age influences the victim. In this case, the representation that he made was that he was 19 and, yes, closer to the age of the purported victim. But the reality is if he had stopped then, we wouldn't be here. He revealed his true age and identity before he made any kind of firm plans to meet with the victim, before he engaged in illegal conduct on the camera. And for that reason, it's not material. I would like to reserve the remaining time for rebuttal. Certainly you may do that. We'll hear from Mr. Wolfe. Thank you, Your Honor, for the record again. Eric Wolfe, District of Montana. On the double counting point, we raised two issues there. First of all, there are different harms, and secondly, there are different images. As to different harms, in Reardon, this court focused on the enhancement for sadistic material. And this court went to the dictionary and said sadistic means taking pleasure in pain. And that's what the enhancement is geared at, is you have an image where somebody is taking pleasure in pain. The victim doesn't necessarily have to be vulnerable. And you also have somebody viewing that material who must take some pleasure in it, or else why else is he viewing it? So the viewer as well may be taking pleasure in pain. Vulnerable victim goes to the victim. Is the victim, in the case of Wright, if the victim is a toddler, then the victim can't run away, can't explain what happened, may not even understand what happened. That's the vulnerability. And the enhancements, they just speak to different harms. Now, there's also a factual issue here, because what we have in this case is Holt, he sends out one image early on that the agents know about that's a 9-year-old who's posing. That would get you the under 12 enhancement. He then has multiple videos, and it excerpts a record 6 to 7. We have one where they think the child involved, and there's actual sexual penetration, is either 3 or 4. But we also have one that's an infant. Well, he could get sadistic conduct on one, he could get vulnerable victim on the other, and there's no double counting because they're different images, and he's earned them both. So I think that disposes of the double counting argument, both legally and factually. On the misrepresentation, I completely agree. This is a guy who's grooming, and he starts out, it's an excerpt to record 4. At the very beginning, he says, I'm a college student. And then it goes on for another six months. But interestingly, three months in, and this is in the PSR, three months in, he asks her, what would you think if I was 40? The whole reason that he's made this up is he doesn't want to turn her off. He's worried that if he actually admits who he is, that the conversations will cease. So it keeps going and going and going. And then when he finally feels comfortable enough, then he discloses it. And, of course, after that, he's on camera, as defense counsel described. But the whole point of it is grooming. And, in fact, during that first six months, he made two trips to Billings. This is in the PSR. He made two trips to Billings where he thought that this girl was. And he says, while I was in Billings, I was on the Internet trying to find you. So he clearly is interested in traveling, even at that point, and he's misrepresenting it. I'll just note the one case that they offer is this Miranda case from the 11th Circuit. In Miranda, the government sought the enhancement and the district court denied it. The government appealed. And the defendant there was 40 years old, and he said he was 35. And the 11th Circuit said, we don't find clear error in denying the enhancement. That is just completely different from this case. If there are no questions, I'll sit down. I think there are none. Thank you. And we'll hear from Ms. Smith again. Ms. Smith, how do you respond to the government's argument that the vulnerable victim and sadistic conduct enhancements address different harms? The vulnerable victim being unable to blow the whistle or evade the conduct, and the sadistic conduct enhancement being something that causes pain. Well, Your Honor, I have two answers to that question. First of all, as to the same harm, the thing that the district court focused on was the small size of the children. It didn't focus on whether any particular image was of a child who could not get away. In fact, the closest we came to a determination of the ages of the children were that the United States and the attorney representing Mr. Hopelow agreed that one of the images was of a 2- or 3-year-old child. And that makes the child able to walk and talk and in a different parameter. Well, even if a 2-year-old can walk and talk, surely they're vulnerable to an adult predator. Well, Your Honor, the United States Are you saying the 2-year-old could toddle away from a predator and therefore they're not vulnerable? Well, in the Wright case, Your Honor, this court focused on the age of the child. And the age of the child that the court focused on was an 11-month-old baby. Oh, I understand that. So an 11-month-old baby might be more vulnerable than a 2-year-old. But are you seriously arguing that a toddler is not a vulnerable victim? Your Honor, what I'm saying is that Congress decided to put ages into the enhancements and drew a line between 12 years old and under 12. The vulnerable victim cannot be related to age because the sentencing commentary says that. So it has to be something else. It can't be related solely to age, but it cannot be related to characteristics that typically are associated with a particular age, such as being short. I mean, an adult could be 4 feet tall and a child could be 4 feet tall. And being small can make you vulnerable. So why is that necessarily an aspect of age? Well, Your Honor, it's correct that it cannot be related solely to age. But Congress made the decision to draw the distinction between the age of 12 and below 12. And the district court in our case focused on the size of the children and made several comments in the sentencing hearing that he was making the decision to add the vulnerable victim enhancement because of the toddler's small size, and in fact focused on the fact that the defendant was a doctor and would have specialized knowledge of the human anatomy. I kind of wonder about that. The red brief says that he was a podiatrist. That's correct, Your Honor. Well, what does he know about anatomy? But a podiatrist is a physician, Your Honor, and so he would have had training in human anatomy. So that's true. But, again, the reason the district court was talking about the defendant's profession is that he was focusing on the small size of the victims and the sexual penetration, which was painful to them. And it's the same basis that the district court used to add the sadistic conduct enhancement, which Mr. Holt did not argue about. In his comments, it can be argued certainly that he was mentioning pain as a focus on that, but still, don't we have to look at the characteristics of the victim to determine if the victim is a vulnerable victim? Your Honor, the court does to determine whether the victim is a vulnerable victim, but where does the court draw the line? Congress has not decided to draw a line. And in this case, the district court didn't focus on the developmental stages of the child. It focused on the size of the child, which is fully covered by the sadistic conduct enhancement. And so in this case, Mr. Holt was sentenced twice for the same harm, the sexual penetration of children, which was necessarily painful to them. And under the second issue, Your Honors, the United States does note that there was this ñ these conversations that took place where Mr. Holt was representing himself as a 19-year-old college student. But he didn't do anything illegal while he did that. He was talking on the Internet. Lots of people talk on the Internet. And lots of people use fictitious names and fictitious personalities. That is not illegal. What is illegal is when you use that to entice someone to engage in prohibited conduct. And he revealed his true age and identity before he tried to entice this minor to engage in prohibited conduct. The United States mentions the fact that Mr. Holt made several trips to Billings. That is not evidence of illegal conduct. In conversations, he said that he was in Billings, but he did not attempt to gain access to this purported minor until after. Do you think he was more likely to be able to entice a 13-year-old who thought he was a 19-year-old than to entice a 13-year-old who thought he was 40? It's very hard to answer that question, Your Honor, when it's not even a real person that we're talking about. It's a fictitious person. But the fact is that he revealed his true identity before he engaged in any kind of illegal conduct, and therefore, it was not material. Thank you, counsel. Thank you. The case just argued is submitted. We appreciate the arguments of both counsel. And we will take a recess for about 10 minutes.
judges: Canby, Graber, Gould